UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 3:19-00106 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| AARON MITCHELL ADCOCK | MAG. JUDGE KAREN L. HAYES |

**MEMORANDUM ORDER**

Pending before the Court is a Motion for Compassionate Release due to Coronavirus [Doc. No. 44] filed by Defendant Aaron Mitchell Adcock ("Adcock"). The Government filed a response. [Doc. No. 45].

On July 25, 2019, Adcock pled guilty to one count of Possession with Intent to Distribute Marijuana and one count of Possession of a Firearm in Furtherance of Drug Trafficking. He was sentenced on November 6, 2019, to 24 months of imprisonment for the drug charge and 60 months of imprisonment for the firearms charge, to run consecutively. Adcock is currently serving a total of 84 months imprisonment at FCI Yazoo City in Mississippi.

He now moves the Court to release him "to home confinement to serve the remainder of [his] sentence." [Doc. No. 44, p. 3]. He does not allege conditions at FCI Yazoo City have become compromised as a result of the COVD-19 pandemic. Nor does he allege that he has underlying medical conditions high risk. He instead requests home confinement because the virus "has caused so much added stress and suffering on [his] family." *Id.*

0.

The United States argues that Adcock is not entitled to the relief requested at this point because he has not exhausted his administrative remedies with the Bureau of Prisons ("BOP"), and, therefore, the Court does not have jurisdiction to consider his motion.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). In this case, Adcock moves to modify his sentence under 18 U.S.C. § 3852(c)(1)(A). Under § 3852(c)(1)(A)(i), a court may reduce a prisoner's sentence "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018 only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. Before filing such motions, however, prisoners must exhaust their administrative remedies in one of two ways: (1) prisoners can file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) prisoners can file a motion after requesting release, but there is "the lapse of 30 days from the receipt . . . of such a request" by the

warden of the moving inmate's facility, "whichever is earlier." 18 U.S.C. § 3852(c)(1)(A). The administrative-exhaustion provision of the First Step Act is set out in mandatory terms. It permits a court the authority to reduce a defendant's sentence only "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.* This mandatory statutory exhaustion requirement provides no exceptions.

In this case, however, Adcock does not indicate that he has even made a request to the Warden. He does not assert that any request (if made) was denied.

While the Court is well aware of the effects the Covid-19 pandemic and the particular concerns in the BOP, § 3852(c)(1)(A) does not provide this Court with the equitable authority to excuse Adcock' failure to exhaust his administrative remedies or to waive the 30-day waiting period. Accordingly, the Court does not have authority at this time to grant the relief Adcock requests. *See, generally, Ross v. Blake,* 136 S. Ct. 1850, 1856–57 (2016) (reviewing the Prisoner Litigation Reform Act and explaining that "mandatory [statutory] language means a court may not excuse a failure to exhaust"; This is because "a statutory exhaustion provision stands on a different footing. There, Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to.").[1]

---

[1] Even if the bar is not jurisdictional, the exhaustion requirement is a mandatory claims-processing rule that must be enforced if, as here, it is invoked by the United States. *See Eberhart v. United States*, 546 U.S. 12, 18-19 (2005) (holding that Fed. R. Crim. P. 33, which permits a defendant to move for a new trial within 14 4 days of the verdict, is a non-jurisdictional but mandatory claim-processing rule that "assure[s] relief to a party properly raising [it]"); *United States v. Pesina-Rodriguez*, 825 F.3d 787, 788 (5th Cir. 2016) ("Although not jurisdictional, the time limits in Rule 4(b)(1)(A) [for filing a notice of direct appeal in a criminal case] are mandatory claims-processing rules.").

The Court is aware that there have been cases of COVID-19 at Yazoo City. https://www.bop.gov/coronavirus/ (last visited 04/28/2020). However, the BOP has been and is taking action to address COVID-19 concerns in its facilities. First, the facility is currently on lockdown.

Additionally, the BOP has taken further action since the passage of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136. Section 12003(b)(2) of the Act "expand[s] the cohort of inmates who can be considered for home release." Pursuant to that provision of the CARES Act, on April 3, 2020, United States Attorney General William Barr issued a memorandum instructing the BOP to maximize transfer to home confinement "all appropriate inmates held at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated BOP facilities where COVID-19 is materially affecting operations." *See* Memorandum from Attorney General William Barr to Director of Bureau of Prisons, The Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at https://politi.co/2UV3JBi (last visited 4/27/2020). The BOP is currently reviewing prisoners to determine if temporary release to home confinement or some other type of release, removal, or furlough is appropriate, under the standards issued by the CDC on which persons are at heightened risk. The BOP has released 1,576 prisoners to home confinement under its process. https://www.bop.gov/coronavirus/ (last visited 04/28/2020).

Finally, to the extent that Adcock moves the Court for release to home confinement because of issues outside the COVID-19 pandemic, the Court has no authority to order BOP to do so. Decisions regarding prisoner designations, including release to home confinement, are reserved exclusively to BOP, as they involve specialized determinations uniquely within its expertise.

*See* 18 U.S.C. § 3621(b) (providing that "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment," taking into account his security designation, his programmatic needs, his mental and medical health needs, his faith-based needs, the proximity to his primary residence, BOP's security concerns, and the recommendations of the sentencing court).

For the foregoing reasons,

IT IS ORDERED that Adcock' motion is DENIED at this time.

MONROE, LOUISIANA, this 28th day of April, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE