**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**UNITED STATES OF AMERICA**                    **CASE NO.  3:19-CR-00106-01**

**VERSUS**                                                           **JUDGE TERRY A. DOUGHTY**

**AARON MITCHELL ADCOCK (01)**          **MAGISTRATE JUDGE HAYES**

**MEMORANDUM ORDER**

Pending before the Court is a *pro se* Motion for Compassionate Release and/or Motion to

Reduce Sentence [Doc. No. 66] filed by Aaron Mitchell Adcock ("Adcock"). A Response [Doc.

No. 70] was filed by the Government on May 16, 2022.

For the reasons set forth herein, Adcock's Motion for Compassionate Release and/or

Motion to Reduce Sentence is **DENIED**.

## I.      FACTS AND PROCEDURAL HISTORY

On July 25, 2019, Adcock pled guilty to one count of Possession with Intent to Distribute

Marijuana and one count of Possession of a Firearm in Furtherance of Drug Trafficking.[1] On

November 6, 2019, Adcock was sentenced to twenty-four months imprisonment for the drug

charge and sixty months imprisonment for the firearm charge, to run consecutively.[2]

Several previous attempts by Adcock to obtain compassionate release and/or reduction of

sentence have been denied. [3]

## II.     LAW AND ANALYSIS

Title 18 United States Code § 3582(c)(1)(A) allows a defendant to petition the court

directly if the defendant has fully exhausted his administrative remedies. Full exhaustion requires

---

[1] [Doc. No. 29]
[2] [Doc. No. 40]
[3] [Doc. Nos. 46, 52, and 59]

the defendant to appeal the failure of the Bureau of Prisons to bring a motion on defendant's

behalf, or the lapse of thirty days from receipt of such a request by the warden of defendant's

facility, whichever happens first. This rule must be enforced if the Government properly raises

failure to exhaust administrative remedies in district court. *United States v. Franco*, 973 F.3d 465

(5th Cir. 2020).

The Government has raised this objection, and the record shows that Adcock has not

exhausted his administrative remedies. Additionally, because the sentence has become final, this

Court has no authority to reduce Adcock's sentence. *Dillon v. United States*, 560 U.S. 817, 825

(2010).

### III.    CONCLUSION

Based on the reasons herein,

**IT IS ORDERED** that Adcock's Motion for Compassionate Release and/or Motion to

Reduce Sentence [Doc. No. 66] is **DENIED** for failure to exhaust his administrative remedies.

MONROE, LOUISIANA, this 17th day of May 2022.

Terry A. Doughty
United States District Judge