UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:19-CR-00106-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **AARON MITCHELL ADCOCK (01)** | **MAGISTRATE JUDGE HAYES** |

**MEMORANDUM ORDER**

Pending before the Court is a *pro se* Motion for Compassionate Release and/or Motion to Reduce Sentence [Doc. No. 66] filed by Aaron Mitchell Adcock ("Adcock"). A Response [Doc. No. 70] was filed by the Government on May 16, 2022. Adock filed a Reply [Doc. No. 78] on September 26, 2022.

For the reasons set forth herein, Adcock's Motion for Compassionate Release and/or Motion to Reduce Sentence is **DENIED**.

**I.    FACTS AND PROCEDURAL HISTORY**

On July 25, 2019, Adcock pled guilty to one count of Possession with Intent to Distribute Marijuana and one count of Possession of a Firearm in Furtherance of Drug Trafficking.[1] On November 6, 2019, Adcock was sentenced to twenty-four months imprisonment for the drug charge and sixty months imprisonment for the firearm charge, to run consecutively.[2]

Several previous attempts by Adcock to obtain compassionate release and/or reduction of sentence have been denied.[3] The instant Motion was initially denied by the Court, but Adcock

---

[1] [Doc. No. 29]
[2] [Doc. No. 40]
[3] [Doc. Nos. 46, 52, and 59]

filed a Motion for Reconsideration,[4] asking the Court reconsider its denial. The Court granted the Motion[5] and vacated its Memorandum Order.[6]

## II. LAW AND ANALYSIS

Title 18 United States Code § 3582(c)(1)(A) allows a defendant to petition the court directly if the defendant has fully exhausted his administrative remedies. Full exhaustion requires the defendant to appeal the failure of the Bureau of Prisons to bring a motion on defendant's behalf, or the lapse of thirty days from receipt of such a request by the warden of defendant's facility, whichever happens first. This rule must be enforced if the Government properly raises failure to exhaust administrative remedies in district court. *United States v. Franco*, 973 F.3d 465 (5th Cir. 2020).

The Government has raised this objection, and the record shows that Adcock has not exhausted his administrative remedies. Adcock's Reply[7] to the Government's opposition does not offer any additional evidence to rebut the fact that he has not exhausted his administrative remedies. Additionally, because the sentence has become final, this Court has no authority to reduce Adcock's sentence. *Dillon v. United States*, 560 U.S. 817, 825 (2010).

## III. CONCLUSION

Based on the reasons herein,

**IT IS ORDERED** that Adcock's Motion for Compassionate Release and/or Motion to Reduce Sentence [Doc. No. 66] is **DENIED** for failure to exhaust his administrative remedies.

---

[4] [Doc. No. 74]
[5] [Doc. No. 76]
[6] [Doc. No. 72]
[7] [Doc. No. 78]

MONROE, LOUISIANA, this 2nd day of November 2022.

                                                                                                     *[signature]*
                                                                                         Terry A. Doughty
                                                                                    United States District Judge